Dead erige;, Ch. J.,
delivered the opinion of the court.
Houston, a colored man residing in Mississippi, ninety miles below Memphis, sent to that city eight bales of cotton, which were seized by Stanton & Moore by attachment, for a debt due them from McLeod.
Houston issued a writ of replevin, but the officer was unable to find the cotton, and a declaration in trover was filed for eight bales of cotton, weighing about 4,000 pounds, the damages being laid „at $800.
There is no doubt, from the evidence, that thé *266 cotton belonged to Houston, and that it was wrongfully seized by Stanton & Moore.
While the suit was pending, Stanton & Moore had-an agreement of compromise prepared in Memphis, by which Houston dismissed his suit and assumed the costs, and sent it by their clerk to Mississippi for-' Houston’s signature. This was obtained, with the aid of others, for a small sum advanced to Houston, and an order executed by him to dismiss the suit, was presented in court. Upon objection being made by Houston’s counsel, Stanton & Moore were required to-plead the order of dismissal, which was done.
They, however, moved the dismissal of the suit,, and offered to prove the execution of the order, but this motion was overruled, and, as before stated, they were required to plead that defense against the further prosecution of the suit, and the plaintiff replied that the order was obtained by fraud, etc. The court em-panneled a jury, and a verdict was rendered in favor of the plaintiff for $470.
Undoubtedly, a party may dismiss his suit by written order duly proved, or by himself or counsel; and wíien such motion is made, the court may, without requiring a plea, and should, where no unfairness is alleged, order the suit to be dismissed; or, if objection is made because of fraud, or on other sufficient ground, the court may investigate the circumstances attending the execution of the order; and, to this end, may direct an issue to be made, to be tried by the court with or without a jury.
We think there is no such error in the proceed *267 ings in this ease as will justify a reversal; and are of opinion, in view of all the circumstances, that a fraud was practiced upon Houston, and that the judgment is well warranted; and we affirm it.